IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**SHRENA HAMPTON**                                                                                           **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 1:22-cv-21-JMV**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                                                                            **DEFENDANT**

### ORDER

This matter is before the court on Plaintiff's complaint [1] for judicial review of the Commissioner of the Social Security Administration's partially favorable decision finding Plaintiff disabled for a closed period from October 15, 2018, through August 2, 2020. The undersigned held a hearing on August 25, 2022 [21]. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.[1] Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and that said decision should be affirmed.

### Standard of Review

The Court's review of the Commissioner's final decision that Plaintiff was not disabled

---

[1] Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389(1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court has explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, *the threshold for such evidentiary sufficiency is not high*. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added) (citations and internal quotations and brackets omitted).

Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). In applying the substantial evidence standard, the Court "may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Statement of the Case**

On October 15, 2019, Plaintiff filed for DIB and SSI, alleging disability beginning on October 15, 2018. The application was denied initially and upon reconsideration. Plaintiff filed a

timely request for a hearing. The Administrative Law Judge (hereinafter "ALJ"), Michael DePrimo, held a hearing on May 14, 2021. Present at the hearing was Plaintiff's representative, Ms. Mears, and the impartial vocational expert, Norma Stricklin. Thereafter, the ALJ issued a detailed twenty-seven page partially favorable decision on June 29, 2021, finding Plaintiff disabled for a closed period from October 15, 2018, through August 22, 2020, but not thereafter.

The Appeals Council denied Plaintiff's request for review on December 9, 2021, thereby making it the decision of the Commissioner and the Social Security Administration for purposes of judicial review under the Social Security Act.

The ALJ evaluated Plaintiff's claims pursuant to the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 15, 2018, the date the Plaintiff became disabled. At step two, the ALJ found that from October 15, 2018. through August 22, 2020, the period during which Plaintiff was under a disability, she had the following severe impairments: dysfunction/reconstruction of major joints (20 CFR 404.1520(c) and 416.920(c)). At step three, the ALJ found that from October 15, 2018 through August 22, 2020, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

The ALJ then assessed Plaintiff's RFC and found that from October 15, 2018 through August 22, 2020, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except lift or carry ten pounds occasionally, less than ten pounds frequently; sit for six hours out of an eight hour workday; never stand or walk; never stoop; and avoid all work hazards.

At step four, the ALJ found that Plaintiff had no past relevant work and had a limited education. At step five, the ALJ considered the testimony of the impartial vocational expert, Norma D. Stricklin, and found that given all of the factors present, from October 15, 2018 through August 22, 2020, considering the claimant's age, education, work experience, and residual functional capacity, there were no jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1560(c), 404.1566, 416.960(c) and 416.966) Accordingly, the ALJ issued a partially favorable decision, finding as follows:

> After careful consideration of all the evidence, the Administrative Law Judge concludes that the claimant was "disabled" within the meaning of the Social Security Act from October 15, 2018 through August 22, 2020. However, the undersigned also finds that the claimant did not meet the insured status requirements of the Social Security Act until January 1, 2019 so her eligibility for disability insurance benefits will begin as of the date first insured. On August 23, 2020, medical improvement occurred that is related to the ability to work, and the claimant has been able to perform substantial gainful activity from that date through the date of this decision. Thus, the claimant's disability ended on August 23, 2020.

Thereafter, the ALJ found that Plaintiff has not developed any new impairment or impairments since August 23, 2020, the date the claimant's disability ended and due to medical improvement. Thus, the claimant's current severe impairments were found to be the same as that present from October 15, 2018, through August 22, 2020. Beginning August 23, 2020, the claimant has not had an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1594(f)(2) and 416.994(b)(5)(i)). The medical improvement that has occurred is related to the ability to work because there has been an increase in the claimant's residual functional capacity.

The ALJ found that beginning August 23, 2020, Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except lift or carry ten pounds occasionally, less than ten pounds frequently; stand or walk for two hours out

of an eight-hour workday; sit for six hours out of an eight hour workday; can occasionally stoop; never balance on heels or toes; never kneel, crouch, or crawl; must avoid even moderate exposure to unprotected heights and moving machinery; could stand and move around 2 minutes every 30 minutes.; and may need a cane to ambulate.

The ALJ found no change in Plaintiff's lack of past relevant work or education level. However, beginning August 23, 2020, there have been jobs that exist in significant numbers in the national economy that Plaintiff can perform. The vocational expert testified that Plaintiff would be able to perform the requirements of representative occupations such as an information clerk (DOT # 237.367-046), an unskilled job performed at the sedentary level of exertion with 60,000 in the national economy; as a telephone order clerk (DOT # 209.567-014), an unskilled job performed at the sedentary level of exertion with 15,000 in the national economy; and as a ticket counter (DOT # 219.587-010), an unskilled job performed at the sedentary level of exertion with 50,000 in the national economy.

Thus, the ALJ found that Plaintiff's disability ended August 23, 2020, and she has not become disabled again since that date (20 CFR 404.1594(f)(8)).

**Discussion**

The sole issue raised by the Plaintiff on appeal is whether the ALJ's finding that Plaintiff had medical improvement on August 23, 2020, is supported by substantial evidence. For the reasons explained below, the Court finds that the second RFC that was non-disabling was supported by substantial evidence. Thus, the ALJ's partially favorable decision should be affirmed.

The Commissioner may terminate disability benefits if substantial evidence demonstrates that: (1) there has been any medical improvement in the individual's impairment(s), and (2) the individual is able to engage in substantial gainful activity. *See* 42 U.S.C. § 43(f)(1); *Griego v.*

5

*Sullivan*, 940 F.2d 942, 943-44 (5th Cir. 1991). The regulations define medical improvement as any decrease in the medical severity of a claimant's impairment(s). 20 C.F.R. §§ 404.1594(b)(1), 416.994(b)(1). A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs, or laboratory findings associated with a claimant's impairment(S). *Id.* Medical improvement is related to a claimant's ability to work if there has been a decrease in the severity and an increase in the claimant's RFC. *See id.;* 20 C.F.R. 404.1594(b)(3); 20 C.F.R. 416.994(b)(1)(3).

The second RFC that was non-disabling provided the Plaintiff had the ability to occasionally stoop, which would allow for her to perform sedentary work. [7] at 37. During the oral hearing on appeal before the undersigned on August 25, 2022, counsel for Plaintiff argued that the ALJ failed to appropriately consider the August 2020 opinion of Dr. Eason as it related to stooping. However, the undersigned finds that while the ALJ considered the August 2020 opinion of Dr. Eason, he reached the conclusion that Dr. Eason's opinion related to stooping and bending was unreliable due to Plaintiff's recent fall. The ALJ reasoned:

> While Dr. Eason's examination produced limitations greater than reflected during the claimant's previous physical examinations and during follow-up examinations, the undersigned finds that the claimant's physical condition during Dr. Eason's August 2020 examination was heavily exacerbated by the claimant's recent fall on August 18 2020, and did not appear to be an accurate representation of the claimant's actual overall functioning prior to or after sustaining that fall as reflected on diagnostic radiographs or physical examinations.

[7] at 31-32.

The ALJ then went on to describe the findings from the relevant diagnostic radiographs and physical examinations as follows:

> For example, follow-up x-rays of the bilateral hips from August 26, 2020 reflect Dr. William Johnson reviewed two views of both hips and formed the impression that there was a right total hip prosthesis which was anatomically aligned showing no evidence of hardware loosening. He also noted that there were 3 cannulated

>screws within the left femoral neck which were unchanged and showed no evidence of hardware loosening; and the left hip joint was aligned and intact (Exhibit 7F). Additionally, in March 2021, the claimant presented for follow-up treatment, and physical examination was essentially normal. The claimant alleged that she needed a cane to walk and that she had remained in pain with movement and pressure over the affected areas since March 2020 during her office treatment visit. She still complained of pain over the surgical site of the hip replacement. Moreover, she indicated she was still unable to walk without the aid of a cane. She reported having groin pain and trochanteric pain and pain over the piriformis areas. She rated her pain as an 8/10 at its worse. However, physical examination did not affirm her allegations. In fact, the claimant exhibited normal range of motion of the musculoskeletal system with essentially no pain. Specifically, regarding the claimant's hips, the claimant exhibited some tenderness of the right hip, but no swelling or crepitus, and it was not noted that the claimant did not exhibit any gait irregularities. In addition, no tenderness was noted of the claimant's left hip or extremity at all (Exhibit B8F). The undersigned finds that the record evidence as a whole demonstrates the claimant's disability ended on August 22, 2020, and since August 23, 2020, the claimant has had the capacity to return to sustained work related activity.

*Id.* at 32.

In addition, the transcript reveals that the Vocational Analysis Worksheet signed on March 2, 2020, also found that Plaintiff could stoop frequently. [7] at 352.

Put simply, the ALJ identified sufficient evidence that established that medical improvement had occurred and Plaintiff's RFC had increased. *See* [7] at 26, 31, 36-37, 704-08. For example, when Plaintiff saw Robert Dickson, D.O., in May 2020 for hypertension, she reported "feeling well overall," and that she "watched her grandchildren daily." [7] at 704. Dr. Dickson noted normal range of motion and no edema during his examination. [7] at 26, 31, 36-37, 705. Then, on August 18, 2020, Plaintiff reported being able to "ambulate without any difficulty" when she visited the emergency room. [7] at 698-99. The emergency room examination showed intact sensation, 5/5 muscle strength, good range of motion, and negative straight-leg-raise testing, and pelvic x-rays showed a healed left femoral neck fracture. [7] at 696-701.

During the oral hearing on May 14, 2021, the ALJ questioned Plaintiff regarding why she

7

would not be able to work a sedentary position. [7] at 96. Plaintiff responded: "I wouldn't say I wouldn't be able to do it. I probably would be able to do it." *Id.* Further, the vocational expert testified at the hearing that the jobs listed as representative occupations were the kinds of jobs that she would recommend for someone who is wheelchair-bound. [7] at 100.

Dr. Jane Eason's August 22, 2020, consultive examination noted improvement from February 2020. For example, in February 2020, Dr. Eason indicated that an assistive device, such as a cane, was medically required, Plaintiff's gait was markedly antalgic, she had a sparaspinous muscle spasm, and she complained of pain in her lower back and right hip. However, by August 22, 2020, Dr. Eason noted that Plaintiff was able to ambulate without an assistive device, showed no spasm of the parasinous muscles, and reported no pain when performing sitting-straight-leg-raise testing. Ultimately, the ALJ found Dr. Eason's restrictive August 2020 CE findings to be unreliable due to Plaintiff's recent fall. Viewing the record as a whole, the ALJ's finding that Dr. Eason's August 22, 2020, CE was inconsistent with the other objective medical records, radiographic evidence, and subsequent evidence was supported by substantial evidence. [7] at 35.

The August 26, 2020, hip x-rays also demonstrate medical improvement from the 2018 pelvic x-rays and imaging. In 2018, Plaintiff's x-ray showed a fracture of the left femoral neck. However, by August 26, 2020, the x-rays showed an anatomically aligned right-hip prosthesis with no evidence of hardware loosening, an aligned and intact left-hip joint, and three cannulated screws within the left femoral neck that were unchanged and showed no evidence of loosening. [7] at 682. In addition, the SI joints and pubic symphysis were aligned and intact, and there was no pelvic fracture or destructive osseous lesion. *Id.*

The Court notes that the RFC assessment is based on "all of the relevant medical and other evidence" (20 C.F.R. § 416.945(a)(3)), including, but not limited to, medical history, medical

signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. SSR 96-8p, 1996 SSR LEXIS 5, at *13-14. The ALJ has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence. *Gonzales v. Astrue*, 231 F. App'x 322, 324 (5th Cir. 2007), citing *Holman v. Massanari,* 275 F.3d 43 (5th Cir. 2001). To carry weight, subjective statements must be corroborated by objective findings. *Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir. 1988); SSR 96-8p, 1996 WL 374181, at *5.

Like the RFC determination, the medical improvement determination is an administrative finding of fact, and the ALJ, not a medical source, is responsible for determining whether medical improvement has occurred. *See Fontenot v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016). Furthermore, following the 2017 revisions to the Rules, "ALJs are no longer required to give controlling weight to a treating physician's opinion, as was mandated by federal regulations and our caselaw in the past." *Webster v. Kijakazi*, 19 F.4th 715, 718-19 (5th Cir. 2021). Instead, the ALJ considers the persuasiveness of medical opinion evidence. 20 C.F.R. § 416.920c(b)(2). In evaluating persuasiveness, the ALJ considers five factors: (i) supportability; (ii) consistency; (iii) the source's relationship with the patient; (iv) the source's specialty; and (v) "other factors that tend to support or contradict" the opinion. 20 C.F.R. § 416.920c(c). The most important factors in evaluating persuasiveness are supportability and consistency. 20 C.F.R. § 416.920c(b)(2).

Here, Plaintiff argues that she is left "trying to determine how the ALJ picked August 23, 2020 as the date of medical improvement" because "[t]here is not medical evidence or other evidence that even mentions that date." [15] at 4. However, as correctly noted by the Commissioner, Plaintiff has not provided any legal authority supporting her contention that the ALJ is limited to identifying the date of medical improvement as the exact date of a corresponding

9

piece of medical evidence. [19] at 8. To the contrary, the relevant regulations detail that when the Commissioner finds a claimant disabled for a specified period, the Commissioner finds the claimant's disability ended in "the month the evidence shows you are no longer disabled." *See* 20 C.F.R. §§ 404.1594(g), 416.994(g).

The Fifth Circuit has held that "[r]emand is only appropriate 'where there is no indication the ALJ applied the correct standard." *Keel v. Saul,* 986 F.3d 551, 556 (5th Cir. 2021). Plaintiff has failed to show that remand would lead to a different conclusion. The burden is on the party claiming error to demonstrate not only that an error is present, but also that it affected her "substantial rights." *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009). Here, the undersigned is unable to find that the ALJ applied an incorrect standard, as the ALJ's detailed twenty-seven-page decision supports finding medical improvement in August 2020.

## Conclusion

For the reasons stated above, the Court finds that substantial evidence supports the ALJ's decision. Thus, the Commissioner's decision should be and is hereby affirmed.

**SO ORDERED** this, the 29th day of August, 2022.

/s/ Jane M. Virden
United States Magistrate Judge